HUGHES *v.* CAIN.

4-7951                                   196 S. W. 2d 758

Opinion delivered October 14, 1946.

*M. V. Moody*, for appellant.

*Philip McNemer*, for appellee.

MINOR W. MILLWEE, Justice. This appeal involves the validity of an order of adoption of Sidney Pat Cain, the seven-year-old son of appellee, Mrs. Sidney Cain, by appellant, Catherine Fink Hughes, the child's paternal great-aunt. Appellee filed her petition for a writ of *habeas corpus* in Pulaski Chancery Court on October 3, 1945, to secure the custody of her son from appellant.

The record discloses the following facts which appear from the allegations of the petition for *habeas corpus* and the exhibits thereto attached: Appellee resides with her husband and their second child in the state of Texas

where the husband is permanently employed. Appellant was appointed guardian of Sidney Pat Cain by order of the Pulaski Probate Court on October 8, 1941, but this order was declared void by the same court on June 21, 1943. By the last order appellant was awarded temporary custody of the child pending a determination of the child's status by the juvenile court, to which court the matter was referred. On March 16, 1943, appellant filed an amended petition for adoption of the child in the Pulaski Probate Court. This petition states the names of the parents and alleges that they are living together as husband and wife in New Iberia, Louisiana; that the child is abandoned and had been in the custody and care of appellant for more than three years. On October 14, 1943, an order of adoption was entered in the Pulaski Probate Court pursuant to the petition. This order recites the appearance of appellant, her attorney and the referee of the Pulaski Juvenile Court. It also states that an attorney appeared for the parents of the child and opposed the adoption and that the State Department of Public Welfare filed a report recommending the adoption. There is no showing in either the petition or order of adoption that the parents were made parties to the proceedings, or given any notice thereof.

In her petition for *habeas corpus* filed in the chancery court, appellee alleged that the order of adoption entered in probate court on October 14, 1943, was void in that the record failed to show many facts essential to jurisdiction of the subject-matter and the persons' of appellee and her husband. It was alleged that neither the petition nor order of adoption shows legal notice to, or the consent of, the natural parents as required by statute. It was also alleged that appellee had no notice of the adoption proceedings, did not consent thereto, and that the attorney whom the record purports to show as having appeared for her did so without her authority, knowledge or consent.

On November 7, 1945, appellant filed a general demurrer alleging that the petition for *habeas corpus,* together with the exhibits thereto, failed to state facts sufficient to constitute a cause of action or to invoke the

jurisdiction of the chancery court. On November 10, 1945, appellant also filed an answer containing a general denial and alleging the validity of the order of adoption. The demurrer of appellant was overruled at a hearing on November 14, 1945. Appellant elected to stand on her demurrer and declined to controvert the facts alleged in the petition for *habeas corpus*. Whereupon the petition for writ of *habeas corpus* was granted and custody of her son was awarded to appellee.

By § 255 of Pope's Digest, it is required that a petition for adoption shall state the name and residence, if known, of the parents of the child to be adopted. Section 256 of Pope's Digest provides that the parents of the child sought to be adopted must be made defendants to the petition by name and notified of the proceedings by personal service of summons, if residents of the state, said summons to be made returnable at any time within twenty days after its date. This section further provides that whenever the petition discloses that the parents are nonresidents, the clerk shall cause publication of an "adoption notice" once in some newspaper of general circulation published in the county, warning such nonresidents to appear within 20 days of the date of the notice. The form of the notice is set out in the statute. It is also required that the clerk shall, within ten days after publication of the notice, mail a copy thereof to those defendants whose place of residence is stated in the petition and who have not been personally served with summons.

Section 259 of Pope's Digest provides that adoption of a child shall not be permitted without the written verified consent of the parents, if living. It is further provided, however, that such written consent may be dispensed with under certain conditions, among which are: (1) the abandonment of the child by the parent for six months next preceding the filing of the petition, or (2) if the parent has lost guardianship of the child by an order of the juvenile court. Sections 255, 256 and 259, *supra*, were enacted as a part of Act 137 of 1935. By Act 328 of 1937, now a part of § 262 of Pope's Digest, it is provided that service of summons and publication of

notice shall not be necessary where the parents appear and file their verified written request and consent to the **adoption.**

The institution of the petition for a writ of *habeas corpus* constitutes a collateral attack upon the order of adoption and the only inquiry proper to be made is whether the probate court had jurisdiction to enter the order of adoption. Before the order of adoption can be held binding against a non-consenting parent the court rendering it must have jurisdiction of both the subject-matter and the person. Where a court is exercising special statutory jurisdiction the record must show upon its face that the case is one where the court has authority to act. This court in the case of *Morris* v. *Dooley,* 59 Ark. 483, 28 S. W. 30, 430, in construing an earlier adoption statute, said: "Unless all jurisdictional facts appear in the record itself, the judgment in the proceeding will be void upon collateral attack."

In 1 Am. Jur., Adoption of Children, § 40, p. 642, it is said: "As has been said, consent, or its procedural equivalent, notice, forms the basis of a proceeding for adoption. It is a jurisdictional fact, a condition precedent, compliance with which is essential to full validity and effect of the decree. There can be no doubt that the rights of the parents cannot be cut off, in the absence of consent, unless they have had notice of the proceeding and an opportunity to resist the action, in which event failure to appear might be regarded as equivalent to consent."

It is contended by appellant that the record of adoption shows that the child had been abandoned for more than six months and that the parents had lost guardianship of the child by an order of the juvenile court, thus dispensing with necessity of their consent to the adoption proceedings under the provisions of § 259, Subsections 2(a) and (d) of Pope's Digest. While the order of the probate court annuling its former order appointing appellant guardian of the child shows that the matter was referred to the juvenile court, there is no showing that an order was ever entered by that court declaring

the child abandoned, or, if such determination was made that the parents had any notice of the proceedings.

In the order of adoption the probate court made no finding that the parents had abandoned their child, but the petition does allege that the child was abandoned and had been in the custody of appellant for three years. However, the petition also stated the names of the parents and that they were living together as husband and wife in New Iberia, La.

The provisions of the adoption statutes of several states regarding the question of notice are similar to ours. The courts of these states in construing their respective statutes have held that, while abandonment of a child by its parents may be sufficient ground for an adoption without their consent, such abandonment must be judicially adjudged, and notice to the parent of the adoption proceeding is essential to cut off his rights. See Annotations, 24 A. L. R. 424, 76 A. L. R. 1080.

Under a Missouri statute it is required that the court order notice of the adoption proceedings to a parent whose written consent is not filed, and such consent may be dispensed with where the parent has abandoned the child. In the case of *Child Saving Institute* v. *Knobel,* 327 Mo. 609, 37 S. W. 2d 920, 76 A. L. R. 1068, the Missouri court held that a non-consenting parent was entitled to notice and an opportunity to be heard on the question of abandonment. In construing the statute the court said: "We have not overlooked the further provisions of § 1096 that the consent of a parent shall not be required if such person is insane, or is imprisoned under a sentence which will not expire until two years after the date of filing the petition; or if he or she has willfully abandoned the child or neglected to provide proper care and maintenance for the two years last preceding such date. This provision dispenses with the consent of the parents in certain specified cases, but it does not dispense with notice. It indicates that the lawmakers thought that this class of parents were not fit persons to have the custody of children, and the evident purpose of dispensing with consent of the parents in such cases

was to authorize the court to decree an adoption in such cases even though the parents objected to such adoption, and refused to give consent thereto. But authority of the court to decree adoption in such cases without consent of the parents does not mean that such parents are not entitled to notice and an opportunity to be heard on the questions of insanity, imprisonment, and abandonment or neglect of their children."

Our statute authorizes an adoption without consent of the parents where it has been judicially determined that they have abandoned their child, but it also requires notice to the parents in order that they may be heard on the question of abandonment. Since it affirmatively appears from the record of the adoption proceedings that the parents were nonresidents of the state, and their consent to the adoption was never given, it was necessary that service be obtained by publication as provided in § 256 of Pope's Digest, *supra*, before the probate court could acquire jurisdiction of the person of appellee. The record fails to show that this notice was given. The probate court being without jurisdiction, the order of adoption is void in so far as the rights of appellee are concerned, and is, therefore, subject to collateral attack in the *habeas corpus* proceedings.

The order of adoption also states that an attorney appeared for the parents and opposed the adoption. However, it is alleged in the petition for the writ of *habeas corpus* that this attorney had no authority to appear for the parents and that such appearance, if made, was without the knowledge or consent of appellee. Appellant declined to controvert this issue, and the demurrer of appellant admits this allegation of the petition to be true.

It follows that the trial court correctly overruled the demurrer of appellant to the petition for writ of *habeas corpus,* and the decree is accordingly affirmed.