Kimberling v. Rogers.

5-365                                   265 S. W. 2d 952

Opinion delivered March 22, 1954.

*M. P. Watkins,* for appellants.

*Maddox, Greer & Maddox,* for appellee.

GRIFFIN SMITH, Chief Justice. Larry Junior Kimberling, five years of age, is the son of Wanda Sue Rogers and Mark Kimberling, Jr. When Mark and Wanda were divorced Sept. 26, 1949, the infant was given to its mother by decretal order. The father was directed to pay $15 per month toward maintenance. The former Mrs. Kimberling has remarried and is in a position to care for the child.

The appeal is from action of Poinsett Circuit Court in restoring to the mother, through *habeas corpus* proceedings, the custody of her son against claims of the paternal grandparents that Wanda Sue had given the child to her former husband, and that under mutual arrangements these grandparents were entitled to custody.

In addition to the three formal assignments in the motion for a new trial, appellants contend that the court erred in not granting their motion for a continuance. The writ directed them to bring Larry to court Oct. 5, 1953. The motion asked that consideration be deferred until the December term. After asserting that Wanda Sue voluntarily surrendered the child's custody to its father, and that this act occurred approximately four years ago, it was stated that the father was in the U. S. army, stationed in Texas. Facts attending the amicable arrangements relating to custody were alleged to have been peculiarly within the father's knowledge. In a response to the primary peition Rosie and Mark Kimberling—the paternal grandparents—stated that the custody they contended for was agreed to by the child's mother.

The suit is not, of course, a petition to change legal custody of the boy because conditions have been altered. The decree of the Jackson county chancery court, where the divorce was granted, has not been modified.

Our decisions are specific in holding that minors are wards of chancery courts. *Kirk* v. *Jones,* 178 Ark. 583, 12 S. W. 2d 879. It is the duty of such courts to make

orders properly safeguarding the rights of infants. Where such custody has been awarded and the order is appealed from, we try the case *de novo*. *Venegas* v. *Mascorro*, 216 Ark. 173, 224 S. W. 2d 532. Here the appeal comes from a court of law where the rules for dealing with factual matters differ from those applicable to equitable transactions.

*Waller* v. *Waller*, 220 Ark. 19, 245 S. W. 2d 814, is a case where through writ of *habeas corpus* custody was an issue. In addition to custody the court's right to award support money was upheld. But the appeal came from a court of chancery.

Two theories, referred to as the Virginia Rule, and the Oregon Rule, were discussed, with approval of the latter. The accepted rule, as enunciated in *Bartlett* v. *Bartlett*, 175 Ore. 215, 152 Pac. 2d 402, was set out in an appeal from the Clakamas county circuit court, but both the statement of facts and the opinion by Mr. Justice BRAND show that the proceedings were ''as a suit in equity.'' There is nothing in the Waller opinion indicating that a court of law has power to do more than determine, under the writ of *habeas corpus*, the respondent's authority for holding the child.

It has long been the rule at law that on *habeas corpus* the inquiry is confined to jurisdictional matters. *Ex Parte Foote*, 70 Ark. 12, 65 S. W. 706, 91 Am. St. Rep. 63; and, if the process [or judicial order] be valid, the court cannot go behind it to determine whether there was error in the proceedings. *Ex Parte Jackson*, 45 Ark. 158. Nor may a mother, by contract, deprive herself of the permanent custody of her child. *Clark* v. *White*, 102 Ark. 93, 143 S. W. 587.

Somewhat analogous is *Haller* v. *Ratcliffe*, 215 Ark. 628, 221 S. W. 2d 886. The holding was that where, under statute, the petitioner had a right to ask the probate court to set aside an order appointing a guardian of the petitioner's child—pursuant to pleadings in which the petitioner had agreed to the appointment of a guardian, but which, it was contended, had been revoked before the

appointment was made—*habeas corpus* would not lie, although the petitioner could not get immediate custody in probate.

We have also held that a *habeas corpus* petition by parents to obtain custody of an adopted child was a collateral attack on the adoption judgment, and the only proper inquiry was whether the probate court had jurisdiction. *Hughes* v. *Cain,* 210 Ark. 476, 196 S. W. 2d 758.

In the circumstances we do not think the court was arbitrary in refusing to continue the case. Nor was the judgment improper.

Affirmed.