PERKINS *v.* PERKINS.

5-1020                                   293 S. W. 2d 889

Opinion delivered October 8, 1956.

*Claude E. Love,* for appellant.

*L. B. Smead* and *Robert C. Compton,* for appellee.

SAM ROBINSON, Associate Justice. The parties were formerly husband and wife, and this is a contest between them over the custody of their son, Keith Randall Perkins, now about five years of age. The chancellor granted custody to the mother, and the father has appealed.

The appellant, James H. Perkins, and appellee, Wilma Faye Perkins, were married in 1946; their son was born in 1951. James went into the Army while they were living in Dallas, Texas, and at a time when he was stationed in Korea it was agreed that Wilma would join him, and that Mr. and Mrs. W. H. Perkins, the parents of appellant, would keep the child for the parties. The child was turned over to appellant's parents in August 1953, but Wilma did not go to Korea. Later, Wilma and James became estranged, and on November 1, 1954, he filed suit for divorce in the Union Chancery Court. While Wilma was still living at Dallas, she agreed that James should have custody of the child. However, the record is convincing that she understood the agreement to be that he was to have temporary custody only. She was not working at the time, and James was sending her no money whatever; hence, she was in no position to care for the child. James was granted an uncontested divorce on the grounds of desertion and awarded custody of the child on November 19, 1954. Subsequently, Wilma visited the child monthly, and traveled about 600 miles each trip to do it. On August 25, 1955, she filed a petition asking that she be granted custody of the child. Her petition was granted, and James H. Perkins has appealed.

It is appellant's contention, first, that there has been no change in conditions which would warrant a change in custody; and, second, that appellee agreed prior to the decree of the divorce that appellant should have custody of the child, and that ties of love and affection have developed between the child and his grandparents which should not be disturbed.

We cannot say the chancellor was in error in granting the mother the custody of the child. There is nothing in the record indicating that the mother is not a proper person for the care and custody of her little boy.

Moreover, she is a highly intelligent and capable person. She has a good job where she earns $325 a month, with a bonus at Christmas-time equal to one month's pay. She is well situated in Dallas to care for her son. Likewise, it appears that the child's grandparents, with whom he lives, are good people and have a good home, and are giving the child proper care and attention; but, custody of the child was not awarded to the grandparents in the first instance. The father was granted custody, however he is not in a position to have the child with him; he is in the Army and may be transferred from place to place on a moment's notice; he is unmarried, and if he should marry again it is entirely possible that his new wife might not welcome the little boy.

It is true that there are ties of love and affection between the child and his grandparents. But, it is a matter of common knowledge that usually there is no love like a mother's love; this is a law of nature that is almost invariable, and unless there are compelling reasons for giving some one other than the mother custody of a small child, it should not be done. Here undoubtedly, the mother loves her little son with all her heart, and there is no good reason why she should not have custody of him. At the time the decree was rendered granting the father a divorce and giving him custody of the child, the mother had no income and was not situated so that she could care for the child. But now, she has an income of $325 per month which enables her to maintain a comfortable home, and with the money the father must pay for support of the child, as ordered by the court or may be hereafter ordered in accordance with the circumstances of the parties, the little boy will have a good home with his mother, and this is as it should be.

Affirmed.

Mr. Justice McFADDIN concurs.