CHEEK v. CHEEK.

5-2103

334 S. W. 2d 669

Opinion delivered April 11, 1960.

*J. Allen Eades,* for appellant.

*Switzer & Switzer,* for appellee.

CARLETON HARRIS, Chief Justice. This appeal involves the custody of a minor child, and the award granted for his support. Loretta Cheek was granted a divorce from Harold Cheek in the Ashley County Chancery Court on June 2, 1958. By the terms of the decree, she was given custody of the minor son, Ricky, then five years of age, and the court awarded $20 per week

for the child's support. The decree provided that Mr. Cheek should have custody of the child for "two periods of two months each twelve months until the child starts to school in September, 1959, at which time temporary custody period shall be reduced to three months during the summer vacation; * * *." The support payments, of course, were only required during the time that Ricky was in the custody of his mother.

On July 8, 1959, appellant filed a motion to amend the decree and reduce the support payment, and appellee subsequently petitioned the court, seeking a contempt citation for appellant's alleged failure to comply with the decree of June 2nd. In response to this petition, appellant further pleaded that appellee was not a fit person to have the custody of the child, and asked that he (appellant) be granted custody of Ricky. Following a hearing on September 15, 1959, the court modified the original decree of June 2nd, 1958, by reducing the $20 per week payments to the sum of $70 per month; giving the mother the right to move the child out of the state (subject to visitation rights of the father as set out in the original decree), and requiring appellee to file with the court a bond in the amount of $500, conditioned upon her compliance with further orders of the court. Judgment was rendered against appellant for $720, representing Cheek's arrearage in child support payments. From such judgment comes this appeal.

Appellant first contends that the trial court erred in the amount for which judgment was awarded for arrearage. This contention is based upon the argument that Mr. Cheek was entitled to custody of Ricky for four months in 1958, and four months in 1959, a total of eight months, even though there was only a fifteen month interval between the granting of the decree and the order for modification. We are unable to understand the basis for this argument. The provision of the decree relative to custody of the child, heretofore set out, provides that appellant shall have custody for four months of *each twelve months*[1]—not four months during each

---

[1] Emphasis supplied.

calendar year. The record reflects that the child was in the possession of appellant for sixteen weeks, the approximate four months, and the petition for modification was filed thirteen months after the original decree. It appears therefore, that appellant had possession of the child for the approximate period of time granted him under the decree. However, the court apparently miscalculated the amount of arrearage by $100, and this is admitted by appellee. The proper amount of judgment should have been $620.

Appellant next contends that the amount awarded per month for the support of the child is excessive and entirely beyond his ability to pay. The record reflects that Cheek earned $5,226 in 1958. In 1959, Cheek worked from the first of the year until March 4th, at which time he was laid off. He returned to work June 15th, and was working at the time of the trial. His total wages at the time of the hearing amounted to $2,328.15. In addition, he had drawn unemployment compensation at the rate of $26 per week during the period that he was off from work (three months, ten days). Of course, there still remained approximately three and one-half months in the year. The court arrived at its maintenance figure for the child on the following basis: $30 per month for food, $10 per month for clothing, school expenses, $8 per month; medical expenses, $10 per month; insurance, $4 per month; and $10 miscellaneous. This totals $72 per month, and the figure for support was fixed at $70 for each monthly period. Appellant argues that the total award should not exceed $40 per month. We do not agree that the amount awarded is excessive, nor do we feel that it is out of line with appellant's earnings. It is true, that because of the lay-off from work, he may have earned some less in 1959 than in 1958, but, as previously stated, he was working regularly at the time of the trial. Perhaps we would be more impressed with this argument if Mr. Cheek had fully complied with the court's order during the period of time he was regularly employed. From June 2, 1958, through December 31, 1958, appellant contributed $100 for the support of Ricky; from

4

January 1, 1959, through March 4, 1959 (at which time he ceased work, Mr. Cheek contributed $80 for child support. The total amount paid from the date of the divorce until the date of the hearing was $400. Be that as it may, we cannot say that this award is excessive. This Court has many times held that the amount of support is a matter within the sound discretion of the trial court under the facts of each case. See *Robbins* v. *Robbins,* 231 Ark. 184, 328 S. W. 2d 498, and cases cited therein.

Appellant contends that appellee is not the proper person to have the custody of Ricky, and that custody should be given to the father. We do not agree. In *Perkins* v. *Perkins,* 226 Ark. 765, 293 S. W. 2d 889, this Court said:

". . . It is a matter of common knowledge that usually there is no love like a mother's love, this is a law of nature that is almost invariable, and unless there are compelling reasons for giving someone other than the mother custody of a small child, it should not be done."

Certainly, no compelling reason appears in the instant case for changing custody. There are no allegations, or proof, of lewdness of drunkenness—or staying away from home—or improper treatment of the child—or neglect in any manner. In fact, appellant's evidence of unfitness was rather strained. This proof relates to the fact that appellee would not let Cheek have the child on one or two occasions, and her use of a credit card, made out to appellant, to obtain gasoline, wherein she signed her name "Mrs. Harold Cheek" after she had remarried a man named Zeagler. The total gas bill was $39.15, though it is not entirely clear that appellee purchased all of this gas, since only two tickets are in the record. Mrs. Cheek (Zeagler) testified that the child was staying with appellant in Fort Smith; that she called and asked that he bring the boy home, but he replied that she would have to come after Ricky. She stated he told her it was all right to use the credit card, and that, though the gas was charged to him, she actu-

ally paid the bill. At any rate, we do not consider this act so grievous as to merit a change of custody of the child, particularly when appellant, at the time of the occurrence (October 11th-12th) was several weeks behind in his payments.

The findings of the Chancellor carry particular weight in a case of this nature. As we stated in *Wilson v. Wilson*, 228 Ark. 789, 310 S. W. 2d 500:

"We know of no type of case wherein the personal observations of the court mean more than in a child custody case. The trial judge had an opportunity that we do not have, *i.e.*, to observe these litigants and determine from their manner, as well as their testimony, their apparent interest and affection, or lack of affection for the child."

The decree is modified to the extent that the judgment for $720 is reduced to $620, and is, in all other respects, affirmed. Attorney for appellee is awarded an additional attorney's fee of $150.00. Costs of this case shall go against appellant.