CURTIS *v.* CURTIS.

5-2654                                   355 S. W. 2d 601

Opinion delivered April 2, 1962.

*Jack Holt, Jr.,* for appellant.

*Dean R. Morley,* for appellee.

ED. F. McFADDIN, Associate Justice.   This is a contest between parents for the custody of their little 10-year-old daughter, named Rebecca.   In December 1960 Mr. Curtis was awarded a divorce from Mrs. Curtis on the ground of indignities; but Mrs. Curtis was awarded the care and custody of Rebecca, with Mr. Curtis given certain visitation rights.

In August 1961 Mr. Curtis filed his petition for the custody of the child, alleging facts designed to show (a) change of circumstances, and (b) the best interest of the child required a change of custody.   The petition was heard by the Chancery Court in September 1961, and Mr. Curtis was awarded the custody of the child, with Mrs. Curtis to have certain visitation rights; and it is from that decree that Mrs. Curtis prosecutes this appeal.

These child custody cases always present a most serious problem.   As we said in *Servaes* v. *Bryant,* 220 Ark. 769, 250 S. W. 2d 134: "A case of this nature is among the most difficult that comes to us for decision. It is our duty to try it *de novo,* and unless we find that the preponderance of the evidence is against the Chancellor's findings, we must affirm."

In the present case Mr. Curtis showed, that since the divorce decree he had remarried and now had a home for little Rebecca; and that she had visited in the home and knew the stepmother and desired to be with her father and stepmother. We come then to the best interest of the child; and that is the polestar in these child custody cases. *(Kimberling* v. *Rogers,* 227 Ark. 221, 297 S. W. 2d 772; and *Smith* v. *Smith,* 213 Ark. 636, 212 S. W. 2d 10.) The Chancellor who heard this case was the same Chancellor who had rendered the original decree of divorce and the original child custody order in December 1960. He remembered very clearly that when he awarded the custody to Mrs. Curtis he had given the admonition that Mrs. Curtis was not to entertain her employer in her home while the little girl was present; and it was conclusively shown in the present hearing that Mrs. Curtis had not obeyed the admonition of the Court in this regard. (See *Widders* v. *Widders,* 207 Ark. 596, 182 S. W. 2d 209.)

The Chancellor concluded that it was for the best interest of the child that the custody be changed. There is no need for us to detail the testimony, all of which we have carefully studied. The point is that the Chancellor was familiar with this case: he remembered the testimony in the divorce case, which is not in the present record; he saw the witnesses and heard them testify; and he reached the conclusion that it was for the best interest of the child that the custody be changed. In reaching that conclusion, he and the attorneys had a long conference with the little girl, all of which is on record. The Chancery Court, seeing the parties, is in a much better position to determine this matter of custody than are we when we see only the printed page. So, although the mother has made a strong case on appeal, we cannot say that she has convinced us that the Chancellor's decision is against the preponderance of the evidence. Therefore, the decree is affirmed.

ROBINSON, J., dissents.