SWINDLE *v.* BRADLEY, CHANCELLOR

5-3941                              403 S. W. 2d 63

Opinion delivered May 23, 1966

*Ray A. Goodwin, Kirsch, Cathey & Brown,* for appellant.

No brief filed for Respondent.

ED. F. McFADDIN, Justice. This is a petition for a writ of *certiorari* to quash, as void *ab initio,* an order made by the Greene Chancery Court on August 9, 1965, awarding temporary custody of a child to its father. The petition is a further effort of Mrs. Valerie M. Swindle to obtain from Gerald M. Swindle the custody and possession of the daughter of the said Swindles. While the case is styled *Swindle* v. *Bradley, Chancellor,* the father of the child is also named as a respondent. Service of the brief on Mr. Swindle is questionable; but the other named respondents were served, so we may dispose of the case on its merits.

Mr. and Mrs. Swindle were married in the British Isles in April 1962, and their daughter Sharon was born in 1963. The Swindles separated in St. Louis, Missouri, in April 1964, and Mrs. Swindle returned to her home in England and took the little girl with her. On May 28, 1965, Mr. Swindle obtained a decree of divorce in the Chancery Court of Greene County, Arkansas (in which County he was then living). Mrs. Swindle had entered her appearance to such divorce proceeding; and said decree found:

"That there was on child born of this marriage, Sharon L. Swindle, a girl age two (2) years now in the care and custody of the defendant who is a fit and proper person to have the care and custody of the said minor child; that plaintiff should have reasonable visitation rights including the right to have said child visit with him in this country; . . ."

The decree ordered that Mrs. Swindle "be and is hereby given care and custody of the said minor child, with reasonable visitation rights to the plaintiff, including the right to have the child visit with him in this country; . . ."

On August 9, 1965, Mr. Swindle filed in the Greene

Chancery Court (the same Court that had granted the divorce and awarded custody of the child) a petition to modify the custody provision of the said decree. The petition was duly verified and stated, *inter alia*: ''In keeping with his rights under the decree of May 28, 1965, plaintiff has brought the minor child from England back to Arkansas and the jurisdiction of this Court. . . The Court should enter a temporary order awarding plaintiff custody of the child . . . pending a hearing on the merits of this cause.'' Based on the foregoing petition to modify the decree, and to allow him the temporary custody of his minor daughter pending a hearing on the merits, the Greene Chancery Court (Hon. Gene Bradley, Chancellor), after hearing evidence not now before us, entered an order on August 9, 1965, that Mr. Swindle be temporarily ''awarded the custody of the minor child,'' and that Mrs. Swindle be entitled to a hearing on the matter at any reasonable time.

It is the said order of August 9, 1965, that is here assailed as being void *ab initio*. Mrs. Swindle appeared on November 1, 1965, and there was a hearing; and on that date the Court cancelled the temporary custody that had been awarded Mr. Swindle in the order of August 9th; but in the meantime Mr. Swindle had taken the child and gone to California and has never subsequently appeared in the Greene Chancery Court. By order of November 1, 1965, the Greene Chancery Court revoked the right of Mr. Swindle to have the child; but the Chancery Court refused to set aside the order of August 9th as void *ab initio*; and the present petition for writ of *certiorari* is asking us to hold that the Chancery Court of Greene County, Arkansas, had no jurisdiction to make its order of August 9, 1965, awarding temporary custody of the child to the father, pending a further hearing. Petitioner lists four points in her brief filed in this Court:

''I.   Greene Chancery Court had no jurisdiction to award temporary custody of Sharon L. Swindle to Gerald M. Swindle by its order of August 9, 1965.

"II. The order of August 9, 1965, denied petitioner due process of law under the fourteenth amendment to the Constitution of the United States.

"III. Certiorari is a proper remedy by which this Court can declare the order of August 9, 1965, null and void.

"IV. Valid grounds exist for the issuance of a writ of certiorari in the present case declaring the order of August 9, 1965, null and void at all times."

As much as we may personally sympathize with this mother, who is seeking to recover the custody of her little girl from a father who has taken the child beyond our jurisdiction and who refuses to return to have a hearing on the custody of the child, nevertheless we cannot hold that the Chancery Court of Greene County, Arkansas, was without jurisdiction to make the order of August 9, 1965, concerning the temporary custody of the child then before the Court. We have a long line of cases, all holding that the Chancery Court has the jurisdiction to make proper orders concerning the care and custody of minors before it. As evidence of such holdings, we quote the following language from cases wherein the facts may have been dissimilar from those in the case at bar, but in which the same rule of law was applicable.

In *Kirk* v. *Jones,* 178 Ark. 583, 12 S. W. 2d 879:

"Minors are the wards of chancery courts, and it is the duty of such courts to make any orders that would properly safeguard their rights."

In *Crenshaw* v. *Crenshaw,* 203 Ark. 1086, 160 S. W. 2d 37:

". . . the chancery court, having general jurisdiction over these minors and their property, had the

power and was justified in granting the relief requested under the facts in this case. *Myrick* v. *Jacks*, 33 Ark. 425. At page 428, Mr. Justice Eakin speaks of this jurisdiction as a very high trust, involving the most delicate and important interests of a helpless class. This trust, he says, is peculiarly the subject of the jealous and watchful care of chancery."

In *Kimberling* v. *Rogers*, 223 Ark. 348, 265 S. W. 2d 952:

"Our decisions are specific in holding that minors are wards of chancery courts. *Kirk* v. *Jones*, 178 Ark. 583, 12 S. W. 2d 879. It is the duty of such courts to make orders properly safeguarding the rights of infants."

In *Holt* v. *Holt*, 228 Ark. 22, 305 S. W. 2d 545:

"Fortunately, in custody cases, the court retains jurisdiction, and if future developments should indicate that a change of custody would be desirable, and for the best interests of the children, the Chancery Court is vested with full authority to revise its orders."

In *Edwards* v. *Martin*, 231 Ark. 528, 331 S. W. 2d 97, we quoted from the earlier case of *Myrick* v. *Jacks*, 33 Ark. 425:

"The general jurisdiction over the persons and property of minors belongs to the Chancery Courts."

So the Chancery Court of Greene County had the jurisdiction on August 9, 1965, to make a temporary custody order for the child before it; and that is the issue before us. Mrs. Swindle's counsel frankly state in the brief filed in this Court that unless the order of August 9, 1965, is set aside as void *ab initio,* she cannot obtain the services of the Prosecuting Attorney and other law enforcement officials to proceed criminally against Mr. Swindle for taking the child beyond the jurisdiction of

the Court, and that she is without funds to go to California to recover the custody of the child from Mr. Swindle in that jurisdiction. All of this causes personal sympathy for Mrs. Swindle; but we cannot make shipwreck of the law just because of such personal sympathy. The petition for writ of *certiorari* is therefore denied.