SWINDLE *v.* BRADLEY, CHANCELLOR

5-3941                                         406 S. W. 2d 324

Opinion delivered May 23, 1966

Dissenting opinion filed September 19, 1966

[Rehearing denied June 6, 1966.]

*Ray A. Goodwin, Kirsch, Cathey & Brown,* for appellant.

No brief filed for Respondent.

PAUL WARD, Justice, dissenting. After much reflec-

tion I am voting to grant the petition for a rehearing.

This mother is trying to regain possession of her four year old daughter who was taken away from her illegally and by force. Assistance is now being denied this mother by this Court, the trial court, and the law enforcement officers because of a legal technicality which does not, in my opinion, apply under the undisputed facts in this case.

*Essential facts.* It is undisputed that:

(a)   On May 28, 1965 the chancery court gave Valerie (the mother) the custody of Sharon—her three year old daughter.

(b)   On July 2, 1965 the term of said chancery court expired.

(c)   On August 4, 1965 Gerald (the father) by force took Sharon from her mother in England and brought her to his home in Greene County, Arkansas.

(d)   On August 9, 1965 the trial court (on application by Gerald), *without notice to Valerie,* gave temporary custody of Sharon to Gerald. *A hearing on the merits was set for November* 1, 1965.

(e)   Valerie came from England to be present for the hearing on *November* 1.

(f)   On October 30, 1965 Gerald left the state with Sharon. He is still at large, he still has Sharon, and Valerie is still looking for help.

*The Only Point at Issue.*   Did the trial court have jurisdiction, after expiration of the court term, to give Gerald legal custody of Sharon?

In our original opinion we held the trial court had jurisdiction, citing numerous cases in support. The essence of the citations is ". . . that minors are wards of

chancery court." A careful reading of the cited cases reveals that in each of them the interested parties had been given *notice*. This Court has never held (and I trust never will hold) that a chancery court has jurisdiction over all the minor children within its district— even without notice to their parents. In my opinion the Order of August 9 was void.

It is my conclusion therefore that the trial court in this instance had no jurisdiction to change its decree of May 28, 1965 without notice to Valerie. This is because the term of court expired on July 2, 1965 and the temporary order was made on August 9, 1965.

(a) In *Karoley* v. *A. R. & T. Electronics,* 235 Ark. 609, 363 S. W. 2d 120, we held that chancery court has power to set aside its decree *without notice* before the term lapsed, but that *after the term had lapsed* it had no such power. At page 615 (Ark. Reps.) we said:

"After the lapse of the April term, the Chancery Court did not have the power to set aside the judgment of June 29th, unless the Garnishee complied with § 29-506 et seq. Ark. Stats. . . ."

These sections, of course, require notice.

(b) In 17 A Am. Jur. § 850, *Divorce* and *Separation,* there is this statement:

"In proceedings for the modification of decrees in divorce relative to the custody of minor children, proper notice to the adverse party and an opportunity to be heard are required, *whether or not provided for by statute.* An order changing custody, entered without notice, is void and cannot be enforced." (Emphasis ours.)

As noted previously, there is a statute in this State which requires notices.

[See original opinion 240 Ark. 903, 403 S. W. 2d 63.]