William C. ALLTON *v.* Sue Ann SUMTER & Donald Ray SUMTER, Husband and Wife

81-155                                                    625 S.W. 2d 502

Supreme Court of Arkansas
Opinion delivered December 21, 1981

*Niblock & Odom,* by: *Priscilla Karen Pope,* for appellant.

*Elrod & Lee,* by: *John R. Elrod,* for appellees.

DARRELL HICKMAN, Justice. This is a suit to set aside an adoption decree. The appellant, William C. Allton, the natural father of Christopher Charles Allton, and Sue Ann Sumter, the boy's mother, were divorced in Utah in 1974. She married Donald Ray Sumter in 1976. After the Sumters moved to Arkansas in 1977, Sumter petitioned to adopt Christopher Charles Allton. The adoption became final in 1978 pursuant to Ark. Stat. Ann. § 56-101 (Repealed 1977). No notice of these proceedings was given to the appellant. He learned of the adoption in March of 1980 and filed this suit in August, 1980, to set aside the adoption. The probate judge held that the one year statute of limitations in the new adoption law, Ark. Stat. Ann. § 56-216 (b) (Supp. 1981), which became effective on July 5, 1977, controlled. The new law bars any challenge to an adoption for any reason unless it is brought within one year after the decree.

On appeal two issues are raised: First, it is argued that the trial judge erred in applying the new law, that the old law which had a two year statute of limitations should have been applied; and second, even if the new law does apply it is unconstitutional because it violates the right to due process

of law. We find the trial court wrong in applying the new statute of limitations, reverse the judgment and remand the case for further proceedings. That being our decision we do not reach the constitutional base.

The facts critical to our decision are not disputed. The adoption petition was filed in Washington County June 15, 1977. A temporary order of adoption was entered October, 1977. A final order was entered May 23, 1978. The appellant's petition to set aside the adoption was filed August, 1980.

When the petition to adopt was filed, the Arkansas law governing adoptions was essentially the law adopted in 1947. *See* 1947 Ark. Acts, No. 369. In 1977 the General Assembly passed the Revised Uniform Adoption Act, Ark. Stat. Ann. § 56-201 et seq. (Supp. 1980), which substantially changed the old law. The new law became effective July 5, 1977, *after* the petition for adoption was filed in this case. The trial court held that although the adoption was governed by the old law, a challenge to the adoption would be a new and separate proceeding and would, therefore, be controlled by the law in effect at the time of the challenge.

Both parties cite the case of *Dean v. Brown*, 216 Ark. 761, 227 S.W. 2d 623 (1950) as authority for their positions as to which statute of limitation should apply. The *Dean* case is informative but not controlling. In this case there is a "savings clause" which in our judgment makes it clear that the new law should not be applied to any proceedings pending on the date that the new act became effective. That provision reads:

> Any adoption or termination proceedings pending on the effective date of this Act are not affected thereby. Section 22, 1977 Ark. Acts, No. 735.

This case was pending on that date.

The case will be remanded for further proceedings because when the trial judge applied the new statute of limitations it was with the knowledge that under the one

year statute of limitations it made no difference whether the appellant had notice of the proceedings, or whether his former wife committed fraud on the court by preventing notice to the appellant. Ark. Stat. Ann. § 56-216 (b) (Supp. 1981).

The appellant made a proffer of proof that in our judgment was a prima facie showing that the appellant's former wife did conceal the adoption proceedings from the appellant and did commit fraud in obtaining the decree. It will be up to the trial judge to conduct a hearing to see if fraud actually existed and if it was of the kind and nature that would entitle the appellant to set aside the decree. In *Olney* v. *Gordon*, 240 Ark. 807, 402 S.W. 2d 651 (1966) and *Hughes* v. *Cain*, 210 Ark. 476, 196 S.W. 2d 758 (1946), we found that a natural parent wrongfully deprived of a notice and opportunity to participate in an adoption proceeding had standing to petition to set aside the adoption decree. Furthermore, in *Olney*, we held that the statute of limitations was tolled when fraudulent concealment of the parent's cause of action existed. The issue of fraud is critical because this suit was filed beyond the two year statute and without such proof the appellant's claim could possibly fail. *But see Armstrong* v. *Manzo*, 380 U.S. 545 (1965); *Hughes* v. *Cain, supra.*

If the appellant succeeds in his claim of fraud, then the proceedings will be conducted as though no temporary order had been entered, and in accordance with the law in effect when the petition to adopt was filed. The question of whether the appellant abandoned his child will be an issue to be relitigated.

Reversed and remanded.