Sue Ann SUMTER and Donald Ray SUMTER, Husband and Wife v. William C. ALLTON

82-261                                                    648 S.W.2d 55

Supreme Court of Arkansas
Opinion delivered March 21, 1983

*Elrod & Lee,* by: *John R. Elrod,* for appellants.

*Niblock Law Firm,* by: *Walter R. Niblock,* for appellee.

ROBERT H. DUDLEY, Justice. In *Allton v. Sumter,* 274 Ark. 448, 625 S.W.2d 502 (1982), we remanded this case to the trial court to conduct a hearing on whether a decree of adoption should be set aside on the basis of fraud. The trial court set aside the decree and we affirm. The issue presented is whether, under our prior adoption law, the fraud involved was of the extrinsic type which tolled the statute of limitations. Jurisdiction is in this Court pursuant to Rule 29 (1) (j), the subsequent appeal rule.

On June 15, 1977, appellant Donald Ray Sumter filed a petition to adopt Christopher Charles Allton. Appellant Sue Ann Sumter, the biological mother and the wife of Donald Ray Sumter, joined in the petition and gave her consent to the adoption. They falsely alleged that the biological father, appellee William C. Allton, had abandoned Christopher. As a result, no notice was given to the biological father and he did not appear to contest the proceeding. The final order of adoption was granted in 1978 but appellee did not learn of it until 1980. He immediately filed suit to set aside the final order of adoption. The probate judge held that the action was governed by the Revised Uniform Adoption Act which bars a challenge to an order of adoption for any reason more than one year after the final decree. However, the effective date of the Revised Act was July 5, 1977, which was after the petition in this case was filed. The biological father filed the

first appeal and we reversed. We held that the proceeding was governed by the statutes in effect on the date the petition was filed. In that opinion we stated:

> The appellant [biological father] made a proffer of proof that in our judgment was a prima facie showing that the appellant's former wife did conceal the adoption proceedings from the appellant and did commit fraud in obtaining the decree. It will be up to the trial judge to conduct a hearing to see if fraud actually existed and if it was the kind and nature that would entitle the appellant to set aside the decree. In *Olney* v. *Gordon,* 240 Ark. 807, 402 S.W.2d 651 (1966) and *Hughes* v. *Cain,* 210 Ark. 476, 196 S.W.2d 758 (1946), we found that a natural parent wrongfully deprived of a notice and opportunity to participate in an adoption proceeding has standing to petition to set aside the adoption decree. Furthermore, in *Olney,* we held that the statute of limitations was tolled when fraudulent concealment of the parent's cause of action existed. The issue of fraud is critical because this suit was filed beyond the two year statute and without such proof the appellant's claim could possibly fail. *But see Armstrong* v. *Manzo,* 380 U.S. 545 (1965); *Hughes* v. *Cain,* supra.

> If the appellant succeeds in his claim of fraud, then the proceedings will be conducted as though no temporary order had been entered, and in accordance with the law in effect when the petition to adopt was filed. The question of whether the appellant abandoned his child will be an issue to be relitigated.

*Allton* v. *Sumter,* 274 Ark. at 451, 625 S.W.2d at 504.

Upon remand the trial judge held that appellants had perpetrated a fraud upon the court by alleging that appellee had abandoned his son when, in fact, he had not. The probate judge found that such action constituted an extrinsic fraud which tolled the applicable statute of limitation. Ark. Stat. Ann. § 56-112 (Repl. 1971), *repealed by* 1977 Ark. Act 735, § 22. He then set aside the decree of adoption and, as a result, this case is before us for the second time.

The appellants contend that abandonment was an issue to be resolved in the original action and therefore the matter is intrinsic, not extrinsic, and may not be used to toll the statute of limitations. However, that argument fails because the fraudulent allegation of abandonment did more than establish that single fact in the original proceeding. It operated to deny the biological father notice of the proceeding and prevented him from contesting the termination of his parental relationship. The fraud practiced in this case fits within our definition of extrinsic fraud:

> The fraud which entitles a party to impeach a judgment must be fraud extrinsic of the matter tried in the cause, and does not consist of any false or fraudulent act or testimony the truth of which was or might have been in issue in the proceeding before the court which resulted in the judgment assailed. It must be a fraud practiced upon the court in the procurement of the judgment itself.

*Williams* v. *Purdy*, 223 Ark. 275, 265 S.W.2d 534 (1954) quoting *Parker* v. *Sims*, 185 Ark. 1111, 51 S.W.2d 517 (1932).

The probate judge correctly ruled that the nature of the fraud was sufficient to toll the statute of limitations and appropriately set aside the original decree.

The probate court must be affirmed for another reason. There was no notice to the biological father. Under our prior statutes which were repealed in 1977, Ark. Stat. Ann. §§ 56-104 and 56-106 (Repl. 1971), an adoption was authorized without *consent* of a parent in the event of abandonment, but *notice* was required in order to determine the question of abandonment. If no notice was given the probate court was without jurisdiction. *Hughes* v. *Cain*, 210 Ark. 476, 196 S.W.2d 758 (1946); *see also Pender* v. *McKee*, 266 Ark. 18, 582 S.W.2d 929 (1979); *Schrum* v. *Bolding*, 260 Ark. 114, 539 S.W.2d 415 (1976); *Olney* v. *Gordon*, 240 Ark. 807, 402 S.W.2d 651 (1966).

Affirmed.