## CLARK *v*. WHITE.

### Opinion delivered January 29, 1912.

PARENT AND CHILD—RIGHT TO CUSTODY OF CHILD.—Where a mother placed her children in an orphans' home, alleging that she was unable to support and educate them, she will not be permitted to retake them without some showing that her condition has changed so as to enable her to take care of them.

Certiorari to Independence Circuit Court; *R. E. Jeffery,* Judge; judgment quashed.

*Samuel M. Casey,* for appellant.

The right of a parent to the custody of his child must yield when the welfare of the child demands it. 78 Ark. 193; 37 Ark. 27; 80 Ark. 287; 82 Ark. 461; 89 Ark. 501. The parent is, in this case, estopped by the terms of her agreement to claim the custody of her children. 50 Ark. 354; 37 Ark. 29. Such contracts are enforceable. 29 Cyc. 1591-92. And where not enforceable, it may be considered by the court for the purpose of determining the feelings of the parent towards the child. 6 A. & E. Ann. Cas. note 940; 11 *Id.* 213 and 217.

McCULLOCH, C. J. On March 16, 1911, the petitioner Mrs. Alice White, placed her five children in the Odd Fellows' Orphan Home at Batesville, Arkansas, of which the respondent, S. F. Clark, is superintendent, and on July 17, 1911, she sued out a writ of habeas corpus to recover the custody of the children. On the hearing of the writ, the circuit judge awarded the custody of the children to the petitioner, and that judgment is brought here by certiorari for review.

The Grand Lodge of the Independent Order of Odd Fellows has established and is maintaining at Batesville a home for the orphan children of its deceased members. Certain rules are prescribed which must be complied with in placing children in the home; among other things it being provided that the parent shall agree to leave the children in the home until they arrive at full age of maturity. The home is under the control and management of a board of trustees and a superintendent. Petitioner's husband was a member of said order, and she signed and filled out the customary blank form, stating "that she was unable to provide proper and suitable clothing, sustenance, education and a home for said children," and that the children were accepted and taken into the home at her special request. In the affidavit she answered formal questions to the effect that the father of the children left no means of support, and that they had no near relatives to support them. The petitioner did not allege in her complaint that she was able to support the children, nor did she offer any proof to that effect. Upon that state of the case, it was erroneous to award her custody of the children. In a number of cases this court has decided that "in questions of this kind concerning the custody of infants the main consideration that should influence the court is the

best interest and well-being of the child." *Coulter* v. *Sypert,* 78 Ark. 193; *Lipsey* v. *Battle,* 80 Ark. 287; *Wofford* v. *Clark,* 82 Ark. 461; *Jackson* v. *Clay,* 89 Ark. 501.

The petitioner could not, and did not, by her contract, deprive herself permanently of the custody of her children. *Lipsey* v. *Battle, supra.* But where, on account of her inability to care for the children, she had recently placed them in an orphan's home, where they could be properly cared for and educated, they should not be taken from the home and restored to the custody of the parent without at least some showing that her condition had changed so as to enable her to take care of the children.

The conclusion which we reach in the case, and the decision we now render, does not preclude the petitioner from a renewal of her application to have the custody of her children restored to her; but for the error indicated, in awarding custody without any proof, the order of the circuit judge is quashed, and an order will be entered here directing that the children be delivered to the respondent as superintendent of the orphan's home.