[No. 19773.  Department One.  March 16, 1926.]

*In the Matter of the Application of* ALFRED STUART
*et al., for the Release and Custody of Eugene
Little, an Infant.*[1]

[1] PARENT AND CHILD (3)—CUSTODY OF CHILD—WELFARE OF CHILD.
The parents are entitled to the custody of their minor child
unless the welfare of the child manifestly requires that it be
taken from them.

[2] HABEAS CORPUS (19)—PARTICULAR ISSUES—CUSTODY OF CHILD.
Habeas corpus does not lie at the suit of grandparents to obtain
the custody of a child in the possession of its mother; since
they cannot show a *prima facie* legal right, in view of the
statute by which the protection of infants is entrusted to
parents, guardians, masters and husbands.

Appeal from a judgment of the superior court for
King county, Paul, J., entered August 24, 1925, deny-
ing an application for a writ of habeas corpus to secure
custody of a child.  Affirmed.

*H. E. Foster,* for appellants.

*Chadwick, McMicken, Ramsey & Rupp* and
*Stephen F. Chadwick,* for respondent.

HOLCOMB, J.—This is a proceeding in habeas corpus
brought by appellants for the custody of Eugene Little,
aged four and one-half years, then in the custody of
his mother.  On the return day of the show cause order
granted upon filing the application, a motion to quash
was sustained and the writ discharged.  The sustain-
ing of the motion to quash and discharge the writ is
the only error assigned.

The petition alleges that the child, until immediately
preceding the filing of the petition, had been in the
custody of the petitioners; that the petitioners were

[1]Reported in 244 Pac. 116.

the grandmother of the child and her husband; that they had a suitable home, and a comfortable place and surroundings for the child; that the mother, for the purpose of alienating the child against the grand-parents, removed it from their home to her home in another locality in King county; that the petitioners are suitable and proper persons to have the care and custody of the child; that the mother is not a suitable and proper person to have his care and custody, and that the best interests and welfare of the child require that petitioners be granted his custody and control.

[1] Appellants contend that, in this kind of an action, the welfare and best interests of the child are always controlling.

Our statute, § 1064, Rem. Comp. Stat., provides:

"Writs of habeas corpus shall be granted in favor of parents, guardians, masters, and husbands, and to en-force the rights and for the protection of infants and insane persons; . . ."

Under a similar statute in Indiana, the supreme court of that state in *McDonald v. Short,* 190 Ind. 338, 130 N. E. 536, held that the procedure relating to the discharge from restraint or custody of a minor child was governed by the statute; and that, while parents might have the benefit of such writ to obtain possession of their child, even parents must by their application exhibit evidence showing that they are entitled to this extraordinary remedy, which is not regarded as a civil action. It was there observed that,

"As generally understood the writ of habeas corpus is a 'writ of liberty,' and its original purpose was the release of persons illegally or forcibly imprisoned."

It is almost universally held that at common law the father had the paramount right to the custody and control of his legitimate minor child, and in case of

his death or disability, or divorce of the parents and the award of the care and custody of the minor child to the mother, then to the mother. *Porter v. Porter,* 60 Fla. 407, 53 South. 546, Ann. Cas. 1912C 867.

Parents themselves cannot permanently deprive themselves of the custody of the children, but where the welfare of the children manifestly demands that the custody be taken from one or both of the parents, then the welfare of the children must be taken into consideration. *Clark v. White,* 102 Ark. 93, 143 S. W. 587, Ann. Cas. 1914A 739.

In several Oregon cases cited by appellants themselves, followed in *Barnes v. Long,* 54 Ore. 548, 104 Pac. 296, 25 L. R. A. (N. S.) 172, the supreme court of Oregon consistently held that the parent had the better right to the care and custody of the child, unless manifestly an improper person.

[2] In all cases and texts that have been cited, and that we have examined, it is uniformly held that a writ of habeas corpus will only be granted in the case of an infant, where the applicant shows a *prima facie* legal right to the custody of the infant. Bailey on Habeas Corpus, § 148; Church on Habeas Corpus, § 440; 29 C. J. § 102; *In re Poole,* 2 McArthur (D. C.) 583, 29 Am. Rep. 628; *Brown v. Robertson,* 76 S. C. 151, 56 S. E. 786, 9 L. R. A. (N. S.) 1173; *In re Harper,* 2 Irish Rep. (1895) 571. We have ourselves held in *Morin v. Morin,* 66 Wash. 312, 119 Pac. 745, 37 L. R. A. (N. S.) 585, that the grand-parents of a child have no natural or inherent right to the custody of the child.

Since our statute gives the right of action to enforce the rights and for the protection of infants and insane persons only to parents, guardians, masters, and husbands, in the case before us the grand-parents could not show a *prima facie* right to the custody of the

child; and since the proceeding is not an equitable proceeding where the welfare of the child alone is for the consideration of the court, nor a guardianship proceeding, the petition will not lie in favor of appellants.

The trial court was therefore right in quashing the show cause order and dismissing the writ.

Affirmed.

TOLMAN, C. J., FULLERTON, PARKER, and MAIN, JJ., concur.