## ARNOLD v ARNOLD

Ohio Appeals, 2nd Dist, Franklin Co

No 3304. Decided March 27, 1941

Alex Dombey, Columbus, for plaintiff-appellee.

H. S. Kerr, Columbus, for defendant-appellant.

## OPINION

By GEIGER, PJ.

The plaintiff here was granted a divorce by the consideration of the Court of Common Pleas of Franklin County, January 28, 1939, the Court considering the separation agreement between the parties dated the 19th of January, 1939, which contains provisions concerning property rights and that as to "the separate maintenance and custody of the minor child Jane Carol. the Court having carefully examined said separate agreement finds that the same is fair and is approved and made a part of the decree as though fully re-written."

The separation agreement alluded to in the court's order provides, "It is

agreed by and between the parties hereto that Jessie Davis Arnold shall have the custody. care and control of the minor child, Jane Carol, at all times during her minority, provided, however, that Dr. Emmett W. Arnold shall have the right and be afforded the opportunity of having the custody of said minor child at the times provided in said agreement," and further, Dr. Emmett W. Arnold shall forthwith have the right to visit said minor child one afternoon during each week, either on Tuesday or Wednesday afternoons * * * said child not be be removed from Franklin County, Ohio, without the consent of the other party."

There are other provisions in reference to the child, not of consequence in this case.

On the 12th of August, 1940, the plaintiff filed a motion in which she alluded to the former order of the court granting her the custody of the child, who was seven years of age at the time of said motion, and further represented that she has the opportunity of obtaining a position in Miami, Florida, at a financial remuneration which is in excess of her past earnings and which will be advantageous to herself and said minor child, and that in accepting said position in Miami, Florida, it will not be possible or practicable for the defendant to exercise his visitation rights as heretofore ordered by the Court; that it would be for the best interests of said minor child for plaintiff to accept the position offered, with its increased compensation. She prays for the order of the court granting her the right and privilege to take said minor child to Miami, and to modify and fix reasonable visitation periods on behalf of the said defendant.

The defendant resisted this application and the Court upon hearing found that the welfare of the child can best be served by permitting her to live with her mother in Florida; that the Court may modify the decree heretofore entered by permitting the child to be removed from Franklin County to Miami, Florida; that the plaintiff has agreed to relieve the defendant from the payment of support money.

The Court ordered that the plaintiff shall have the custody, care and control of the child and she is permitted to remove said child from Franklin County and to take her to live in Florida where she resides; that the defendant Emmett W. Arnold shall have the right to have said minor child with him wherever he may live, during school vacation periods at Christmas time and during the months of July and August of each year and at such other convenient times that the defendant may be in Florida; during the Christmas vacation the defendant may have said minor child at the times designated in the entry and that during the summer vacation the defendant may have said child during the months of July and August, but shall return her to the custody of the mother on or before September 1st. It is ordered that the defendant be relieved from the payment of support money for said child during the time she is in Florida.

To this order of the court a motion for new trial was filed and overruled, and notice of an appeal to this court on questions of law from the final order was given.

The defendant-appellant filed his assignments of error to the effect that the court had no jurisdiction to make the order; that it was contrary to law and not sustained by sufficient evidence, and that the court committed other errors apparent upon the face of the record; that as a result of the errors the judgment of the Court of Common Pleas, Division of Domestic Relations, deprived this defendant of substantial judgment, and that by reason thereof the defendant-appellant is entitled to have the judgment vacated.

The parties have filed rather extensive briefs. The appellant insists that the matter could not be brought to the attention of the Court of Domestic Relations except under the provisions of §11635, which is the general statute for proceedings to vacate a judgment on certain grounds.

Counsel for appellant urges that the application for the modification of the custody of the child could not be considered in the Common Pleas Court except upon a petition. In this, we believe the appellant is in error. There are many cases which would demonstrate this, but we need refer only to **Corbett v Corbett, 123 Oh St 76,** wherein it is held:

"1. A decree of divorce terminating the marriage contract of parents who have minor children, which decree provides for the custody, care and support of said minor or minors by the parents, respectively, during said minority or for a lesser period of time, named in the decree, continues the jurisdiction of the court for such period without any express reservation in the decree itself.

"2. The proper practice in securing a modification of such decree with respect to the custody, care and support of such minors is by motion filed in the original divorce action by the party seeking the modification."

Counsel for appellant also takes the position that there having been an agreement between the parties at the time of the divorce as to the custody of the minor child, that said agreement may not be modified by the court granting the divorce.

When a court upon granting a divorce awards the custody of children to either parent such children become the wards of the court and the jurisdiction of the court over their custody is continuing, and the court may, on proper application, modify orders made in the original proceeding whenever the character of the case requires it. A reservation in the decree is not essential to the exercise of such power. It is not necessary for this court to further refer to authorities to support this position. Each of the judges of this court has had large experience in the trial of divorce cases while sitting on the Common Pleas Bench and each has, without question, modified a prior order of the court in reference to the custody of children whenever the facts seem to to justify the same, and this irrespective as to whether such modification be made during the term at which the original order was made or at any time during the minority of the child, or whether the original order was based on an agreement of the parents.

The bill of exceptions embodies the evidence upon the part of the plaintiff to the effect that she had secured a more remunerative position in Miami than that which she enjoyed in Columbus, and the court upon consideration of this evidence and the effect that the same would have upon the welfare of the child, granted the order heretofore referred to, from which error is prosecuted.

We find that the court below committed no error in considering the motion of the mother for the modification of the custody of the child or in granting the same as he did.

The appellee advances the argument that the custody of the minor child as determined by the order from which appeal was taken was not a final order from which an appeal could be taken, and that therefore this court has no jurisdiction in the matter. In view of our decision, it is not of consequence to the appellee, but we believe the case of **Bower v Bower, 90 Oh St 172,** controls where it is held that an appeal will lie from the judgment or order of the court for the care, custody and maintenance of minor children regardless of whether such order is made in an action for divorce, divorce and alimony or alimony only.

We hold that we have jurisdiction.

Judgment below affirmed.

BARNES and HORNBECK, JJ., concur.