[Civ. No. 14710. Second Dist., Div. Two. Apr. 4, 1945.]

ANGELA M. WHITE, Respondent, v. McDONALD WHITE, Appellant.

James C. Bone and Gerald E. Kerrin for Appellant.

George I. Devor for Respondent.

WOOD (W. J.), J.—This is an appeal by defendant from an order of the superior court permitting plaintiff to remove the minor child of the parties from the State of California. Plaintiff was granted an interlocutory decree of divorce from defendant on November 27, 1939, and the final decree was entered on December 6, 1940. On those dates both parties were residents of California. On April 9, 1944, plaintiff was married to Ben L. Olcott, a captain in the United States armed forces whose permanent residence was and is in Cheney, Pennsylvania. Under an order of the court which was entered on July 31, 1940, both parties were prohibited from taking the minor child from Southern California. But after her marriage to Captain Olcott plaintiff applied for and obtained from the court on May 23, 1944, the following order: "In the matter of the order to show cause in re removal of minor child from the State, which was heard May 10, 1944 and taken under submission by the court, it is ordered that

the motion of the plaintiff for permission to remove the child of the parties, Nancy White, from the State of California be and it is hereby granted upon the following conditions: (1) That said child shall not be removed until the completion of the present school term; (2) That defendant shall at all times be advised of the address where said child is domiciled; and (3) That plaintiff upon request shall cooperate in making reasonable arrangements for defendant to visit said child.'' An appeal taken by plaintiff from this order is now before us. Pending the appeal plaintiff took the child to her new home in Pennsylvania, resulting in contempt proceedings in which we filed our decision on March 29, 1945.■ The facts concerning the legal difficulties of this couple are more fully set forth in the opinion in that proceeding.

■ By section 138 of the Civil Code the superior court is given authority in divorce actions to make such orders for the care and custody of minor children as may seem necessary and proper and it is to be governed by what appears to be the best interest of the child. It is especially provided in the code section that if the child is of tender years it should be given to the mother. Captain Olcott has the legal right to establish the family domicile for his wife and there is no evidence before the court to justify any conclusion other than that he had a permanent and proper home at Cheney, Pennsylvania, where plaintiff is now living with her husband's mother while her husband is in the armed forces. Unquestionably a girl of ten years of age, in the absence of evidence of unfitness, should be with her mother and it is clear that her mother should be in the home established for her by her husband even though he be temporarily absent because of the war. Defendant undoubtedly has the right to live in any state of his choice but he cannot successfully support the contention that the court has abused its discretion by refusing to compel the mother of the child to choose between leaving her child in California and failing to abide in the home provided by her husband. We see no abuse of discretion in the trial court in permitting the mother to take the child with her to her new home. In enacting section 138 of the Civil Code the Legislature did not limit the discretion of the court by state

boundaries. Counsel has not cited any California case in which it is especially held that the superior court may grant permission of a parent to take a minor child from this state but in a number of the other states such orders have been made with the approval of the reviewing courts. (*Butler* v. *Butler* (1928), 83 N.H. 413 [143 A. 471]; *Roosma* v. *Moots* (1941), 62 Idaho 450 [112 P.2d 1000]; *Epstein* v. *Epstein* (1926), 234 Mich. 200 [207 N.W. 894]; *Bennett* v. *Bennett,* 228 Wis. 401, 403 [280 N.W. 363]; *Kane* v. *Kane,* 241 Mich. 96 [216 N.W. 437]; *Arnold* v. *Arnold,* 67 Ohio App. 282 [36 N.E.2d 430].)

The order is affirmed.

Moore, P. J., and McComb, J., concurred.