## Thomas v. Sprinkle.

May 11, 1945.

Joseph K. Beasley for appellant.

L. C. Wall for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE TILFORD—
Affirming.

The appellant by a petition for a writ of habeas corpus sought the custody of two of the five infant children of her deceased brother on the ground that their mother with whom they reside is not a fit or proper person to rear them. The mother by answer traversed the allegations of the petition, and the County Judge who caused the writ to be issued, after hearing the testimony, decided that the best interest of the infants demanded that they remain in her custody. This appeal is from that judgment.

It is unnecessary to discuss the testimony since the failure of appellant to allege or prove a prima facie legal right to the infants' custody necessitates an affirmance of the judgment. Either parent, the next of kin, or one standing in loco parentis to the infant may maintain such an action against one having a lesser right to the child's custody, the degree of which right is usually measured by the child's welfare as distinguished from priority or superiority of legal commitments. It may be maintained even though the infant is not actually restrained of his liberty and is merely residing with the custodian of his choice. But, though technical requirements incident to the obtention of the writ have generally been disregarded where the actual question involved was the custody and welfare of the infant, we know of no case in which it has been held that the writ may be obtained by one devoid of legal or natural right against a parent whose superior natural right of custody has not been legally terminated or voluntarily surrendered. 25 Amer. Juris., Secs. 79, 80, Pages 204, 205, 206.

In so far as it was inspired by a desire to shield her nieces from improper influences and better their condition, appellant's action in seeking the writ was commendable. It is obvious, however, that she has mistaken the remedy which properly consists of petitioning the authorities vested by law with jurisdiction of dependent, neglected, and delinquent children and those who contribute to the conditions which render them such.

Judgment affirmed.