## No. 19,707.

Tony E. Lopez, et al. *v.* Maurice T. Smith, Acting County Judge of Conejos County, et al.

(360 P. [2d] 967)

Decided April 10, 1961.

Mr. Francis R. Salazar, for Complainants.

Mr. Henry Blickhahn, for Respondents.

*En Banc.*

Mr. Justice Doyle delivered the opinion of the Court.

The petition herein by Tony E. and Loyola Lopez seeks the issuance of an original writ of prohibition against the County Court of Conejos County in respect to hearing and determination of a writ of habeas corpus filed in that court in aid of adoption proceedings.

At issue in the County Court of Conejos County is the custody of Mary Rachael Lopez. The habeas corpus petition filed in the County Court of Conejos County in June 1960 alleges that the natural parents of the child, the petitioners herein, voluntarily "relinquished and delivered custody of Mary Rachael Lopez to your petitioner, Sara Lopez (respondent in this case) shortly after the birth of Mary Rachael Lopez, and that thereafter Mary Rachael Lopez was in the care and custody of your petitioner for a term of fourteen years and five months, and that said natural parents had thereby abandoned said child to your petitioner." It is further alleged that on a date not disclosed the parents forcibly removed the child from the custody of Sara Lopez and are holding the child by force and threats at an address in Denver. A further allegation discloses that an adoption proceeding has been commenced by Sara Lopez, and that the said Sara Lopez has no plain speedy or adequate remedy which will compel the production of the child so as to ascertain the "true desires of said minor

child, and that your petitioner is further advised that said minor child is being mistreated, abused, and forcibly detained * * *."

The writ of habeas corpus was issued by the county court and a hearing was ordered on July 12, 1960. Thereupon, this Court in case No. 19,540 issued a rule to show cause why the proceedings should not be permanently enjoined. Following the filing of an answer, the rule was discharged on August 25, 1960, apparently on the ground that the county court had jurisdiction to proceed to hear the issue of illegal detention of the child. The answer of respondents to the order to show cause in No. 19,540 admitted that no notice of the adoption proceedings had as of that date been given to the parents of the child.

Following our order discharging the rule in No. 19,540, a maze of motions and documents was filed before the county court. These are summarized as follows: On October 26, 1960, notice of the pendency of the adoption petition was served on the child's parents. They were ordered to answer within twenty days. On November 1, 1960, they in turn filed motions to dismiss the petition and to quash the notice and summons in adoption, together with a brief in support thereof. An answer brief was filed by Sara Lopez and the trial court thereupon, on December 13, 1960, denied the parents' motions, and granted them ten days to file an answer. At the same time the habeas corpus petition was set for hearing on December 29, 1960. Immediately prior to that date, the parents filed an objection to the foregoing order, together with an "Answer to Notice and Summons in Adoption" in which they denied having received a copy of the petition and further denied the allegations contained in the notice and summons. Counsel for the parents failed to appear at the habeas corpus hearing, and the county court thereupon ordered that the objections be overruled. It then reset the hearing to January 6, 1961, and ordered that the child be produced in court at

that time. The present petition in prohibition was thereupon filed. Thus the present posture of the case is that a hearing in habeas corpus is now pending — no answer to the adoption proceedings having been filed. In view of the state of the record, this Court is limited to consideration of whether the trial court has jurisdiction to determine the right to custody of the child in a habeas corpus proceeding. Questions relating to the sufficiency of the adoption petition, venue and other similar issues have not been raised and have not been ruled on by the trial court. We cannot therefore assume that the trial court will determine these issues erroneously and it would be presumptuous for this Court to anticipate them.

The source of the county court's habeas corpus power is found in C.R.S. '53, 65-1-20, which authorizes the issuance of the writ in most any case, the exceptional condition being when the Supreme Court, District Court or any judge thereof is in the county "or when there shall be a term of the Supreme or District court within such county within thirty days * * * " It does not appear that any of the exceptions are here present and since the burden is on the petitioners here we can assume that the conditions necessary to general jurisdiction of the county court to entertain the writ are present. It is the jurisdiction of the county court to determine custody of a child in a habeas corpus proceeding pending the trial and decision of adoption proceedings which is determinative of this writ of prohibition, and more specifically the right of a third person having no legal custody to invoke this extraordinary jurisdiction against parents of the child.

■ Unquestionably habeas corpus is an available remedy to adjudicate custody of children under certain circumstances. *Graham v. Francis*, 83 Colo. 346, 265 Pac. 690; *Flynn v. Casper*, 26 Colo. App. 344, 144 Pac. 1137. But a stranger lacks standing to maintain habeas corpus looking to an award of custody as against the parents of the child who are presumed to be entitled to the custody.

*Everett v. Barry,* 127 Colo. 34, 252 P. (2d) 826. One who seeks custody through habeas corpus must show a prima facie right to custody. *In re Stuart,* 138 Wash. 59, 244 Pac. 116; *In re Lorok,* 93 Ohio App. 251, 114 N.E. (2d) 65; *Wilcox v. Fisher,* 163 Kan. 74, 180 P. (2d) 283; 39 C.J.S. *Habeas Corpus,* sec. 42 at 579; 25 Am. Jur. *Habeas Corpus,* sec. 79. Illustrative cases are *State ex rel "A" v. A Licensed or Chartered Child-Placing Agency,* 194 Tenn. 400, 250 S.W. (2d) 776, and *Marlar v. Howard,* 312 Ky. 209, 226 S.W. (2d) 755. The Tennessee Court held that a mother who has relinquished a child lacks standing to regain custody by way of habeas corpus. The Kentucky Court reached a similar result. It denied use of habeas corpus to a grandmother claiming custody under a void custody decree.

■ The habeas corpus petition here questioned alleges abandonment of the child by the parents. It seeks to establish a right based on past custody in fact although admittedly not in law. In the absence of a right to custody based on an adjudication decreeing adoption on one of the statutory grounds or on a finding of dependency under that statute, a third person, which the respondent here apparently is, may not maintain a habeas corpus action seeking an award of custody of a child as against the child's natural parents upon an allegation of prior abandonment by the parents. The cases collected in 39 C.J.S. *Habeas Corpus,* sec. 41 at footnote 75 (2), which at first appear to support the proposition that an allegation of abandonment is sufficient, are distinguishable in that the parents were in those cases the moving parties and were seeking to gain custody from third persons. The allegation of abandonment in each instance appeared in the answer.

■ In the present case, the respondent is prosecuting an adoption proceeding concurrently with the habeas corpus proceeding. While the writ of habeas corpus may not be employed as a means of awarding temporary custody, it does not follow that the county court is power-

less to order (by writ of habeas corpus *ad testificandum*) the petitioners herein to bring the child into court in connection with the adoption trial if such a trial is had. Obviously the county court could not in these circumstances properly hear and determine the adoption matter if the child, who is more than fourteen years old, were not present in the court.

The equities in favor of respondent, based on her allegation of abandonment by these petitioners and having the burden of care and custody of the child for fourteen years, may be asserted in that case and may be given full weight in the ultimate determination of whether adoption and its corollary, the right to custody, is in the best interests of the child. If it appears that the custody which the parents presently have was obtained by force, this temporary possession should not be regarded as a handicap to the respondent or as any advantage to these petitioners.

For the reasons stated, we conclude that the county court lacked jurisdiction to determine respondent's right to custody in a habeas corpus proceeding. Consequently, prohibition was a proper remedy. *Leonhart v. District Court of Sedgwick County,* 138 Colo. 1, 329 P. (2d) 781; *Prinster v. District Court of Seventh Judicial District,* 137 Colo. 393, 325 P. (2d) 938.

The rule to show cause is made absolute.