568 P.2d 621

David GONZALES, Petitioner-Appellant,

v.

CITY OF ALBUQUERQUE,
Respondent-Appellee.

No. 3136.

Court of Appeals of New Mexico.

Aug. 23, 1977.

David H. Pearlman, Albuquerque, for petitioner-appellant.

Elizabeth N. Love, Asst. City Atty., Albuquerque, for respondent-appellee.

## OPINION

WOOD, Chief Judge.

Defendant was convicted of reckless driving in municipal court. He appealed to the district court where he was again found guilty. He appeals the district court decision. Our calendar assignment proposed summary dismissal for failure to timely appeal. Defendant opposes dismissal, relying on a district court order entered subsequent to our calendar assignment.

The district court judgment and sentence was entered June 6, 1977. The notice of appeal was filed June 20, 1977; it was not timely under N.M. Crim. App. 202(a). The timely taking of an appeal is jurisdictional. *State v. Garlick*, 80 N.M. 352, 456 P.2d 185 (1969); *State v. Martinez*, 84 N.M. 766, 508 P.2d 36 (Ct.App. 1973).

The district court order purported to extend the time for filing the notice of appeal through June 21, 1977. The notice of appeal having been filed on June 20, 1977, the appeal is timely if the district court order effectively extended the appeal time.

N.M. Crim. App. 202(c) states:

"*Time Extended—Excusable Neglect.* Upon good cause shown the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by these rules."

The district court could extend the time for filing the notice of appeal, after the time for appeal had expired, "for a period not to exceed 30 days from the expiration of the time otherwise prescribed by these rules." The district court order was entered on August 8, 1977. On that date, both the ten-day appeal time and the thirty-day extension time had expired. The order of August 8, 1977 was not effective to extend the appeal time unless entered nunc pro tunc.

 The district court order states that it "is to be entered nunc pro tunc as of June 16, 1977." A nunc pro tunc order has reference to the making of an entry now, of something which was actually previously done, so as to have it effective as of the earlier date. "It is not to be used to supply some omitted action of the court or counsel, but may be utilized to supply an omission in the record of something really done but omitted through mistake or inadvertence." *Mora v. Martinez*, 80 N.M. 88, 451 P.2d 992 (1969). Here a timely notice of appeal was not taken; here an extension of appeal time was not granted until after the maximum time for extending the appeal time had expired. The nunc pro tunc provision of the district court order attempts to supply an omitted action; the order is not effective nunc pro tunc. *See State v. Soria*, 82 N.M. 509, 484 P.2d 351 (Ct.App. 1971).

The district court order did not effectively extend the appeal time.

The appeal not being timely, it is dismissed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.