628 P.2d 1134

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Doyle Michael SANDERS,
Defendant-Appellant.**

**No. 4678.**

Court of Appeals of New Mexico.

May 5, 1981.

John B. Bigelow, Chief Public Defender, Michael Dickman, Asst. Public Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Heidi Topp Brooks, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant appeals his conviction of custodial interference. Section 30–4–4, N.M.S. A.1978, reads:

A. Custodial interference consists of the taking from this state or causing to be taken from this state, or enticing to leave this state or causing to be enticed to leave this state, a child who is less than sixteen years of age by a parent with the intention of holding the child permanently or for a protracted period, knowing that he has no legal right to do so.

There is evidence that defendant took his daughter, under two years of age, to Texas with the intention of keeping the child there for a protracted period. Defendant contends the evidence is insufficient to show that defendant knew he had no legal right to do so. We agree that the evidence is insufficient and reverse the conviction. We discuss (1) "knowing"; (2) "legal right"; (3) parents' legal right to custody; and (4) the effect of two oral orders and one written order of the children's court. References to rules are to the Children's Court Rules, unless otherwise noted; statutory references are to N.M.S.A.1978, unless otherwise noted.

It appearing that the child had been left unattended, a police officer took the child into custody on August 10, 1979. Section 32–1–22(D). The officer turned the child over to the Department of Human Services (hereinafter "Department"), and thereafter, until October 14, 1979, the child was in the physical custody of the Department. Rule 3(e).

A neglect petition was filed by the Department on August 14, 1979; a hearing was held on this petition on August 23, 1979, at which defendant was present. Rule 53. At the conclusion of this hearing, Rule 54, the court orally ordered that the Department have temporary custody of the child; this temporary custody was to continue until there was an adjudicatory hearing under Rule 60. No written temporary custody order was ever entered.

Although the adjudicatory hearing was scheduled for October 2, 1979, and defendant had oral notice that the hearing was scheduled for that date, the hearing was actually held on September 28, 1979, ex parte, and without notice to defendant. At this hearing the court orally awarded the Department custody of the child for two years. A written custody order was filed October 16, 1979.

On October 14, 1979 defendant and his wife were permitted to visit the child. During this visit the child was taken from the building where the visit was taking place, and defendant took the child to Texas.

### Knowing

Defendant cannot be guilty of violating § 30–4–4 unless he knew he had no legal right to take the child to Texas. Section 30–4–4 does not define "knowing".

Webster's Third New International Dictionary (1966) defines "knowing" as "something that is apprehended or capable of being apprehended". This meaning accords with New Mexico decisions. *In Adoption of Doe*, 89 N.M. 606, 555 P.2d 906 (Ct.App. 1976), "knowing" was equated with "awareness". *Taylor v. Hanchett Oil Co.*, 37 N.M. 606, 27 P.2d 59 (1933), states:

"Knowledge" does not necessarily mean "actual knowledge," but means knowledge of such circumstances as would ordinarily lead upon investigation, in the exercise of reasonable diligence which a prudent man ought to exercise, to a knowledge of the actual facts. One who intentionally remains ignorant is chargeable in law with knowledge.

■ The "knowing" requirement of § 30–4–4 is met if defendant was actually aware of the court's custody orders or, in the exercise of reasonable diligence, should have been aware of the several custody orders.

### Legal Right

*Demers v. Gerety*, 92 N.M. 749, 595 P.2d 387 (Ct.App.1978), rev'd on other grounds, 92 N.M. 396, 589 P.2d 180 (1978), defined "legal consent" as "actual or express consent according to law." *Kau v. Bennett*, 91 N.M. 162, 571 P.2d 819 (Ct.App.1977), defined "legally entitled to support" as " 'entitled to support according to law.' "

■ The "legal right" requirement of § 30–4–4 means a right according to law. *Kau v. Bennett.*

### Parents' Legal Right to Custody

"Parents have a natural and legal right to custody of their children. This right is prima facie and not an absolute right." *Roberts v. Staples,* 79 N.M. 298, 442 P.2d 788 (1968); see *Shorty v. Scott,* 87 N.M. 490, 535 P.2d 1341 (1975). Our Adoption Act defines " 'parental rights' " to mean "all rights of a parent with reference to a minor, including parental right to control . . . ." Section 40–7–2(I).

■ Defendant, the parent, had a legal right to the custody of the child in this case unless that right had been terminated, however temporarily, by appropriate authority.

### Effect of Court Orders

There is no question that the court had authority to terminate defendant's legal right to custody of his child. Section 32–1–3(J) (1980 Cum.Supp.), and § 32–1–34(A)(3).

(a) Oral Order of August 23, 1979

At the August 23rd hearing, under Rule 54, on the Department's neglect petition, the trial court ordered temporary custody in the Department as follows:

THE COURT: * * * This will be set for another hearing within forty-five days.

\* \* \* \* \* \*

THE COURT: * * * In the meantime, this Court is going to temporarily place the custody of your child with the . . . Department * * * and they will have the care, control and custody until a hearing is had in this cause.

MRS. SANDERS: Within forty-five days?

THE COURT: Can we give a date now? October the 2nd. The hearing will be October the 2nd, 1979, 9:00 o'clock.

No written order was entered as to this temporary custody. Assuming, at this point, that the oral order was legally sufficient to deprive defendant his right to custody of the child, this oral order had ex-pired, by its own terms, when defendant took the child on October 14, 1979. If the order was to continue to the next hearing, that hearing was held on September 28, 1979; if the order continued until the scheduled hearing date of October 2nd, that date had passed; if the order continued for 45 days, the 45th day expired prior to October 14, 1979.

■ Defendant's conviction cannot be sustained on the basis of the oral order of August 23, 1979 because the knowledge attributable to defendant is knowledge that the oral order, even if legally effective, did not deprive defendant of 'his legal right to the child's custody on October 14, 1979.

(b) Oral Order of September 28, 1979

The hearing scheduled for October 2, 1979 was held on September 28, 1979, ex parte, without notice to defendant. At that hearing the court orally granted the Department's request that it be awarded custody of the child for two years. See § 32–1–38 (1980 Cum.Supp.).

Defendant testified that he did not learn of the results of the September 28th hearing until April of 1980. This testimony is uncontradicted; accordingly, defendant did not have actual knowledge of the court's oral order at the September 28th hearing when he took the child on October 14, 1979.

However, defendant testified that he telephoned "Social Services" (the Department) on October 2, 1979, asked whether the hearing was to be held on that date, and was informed that the hearing had been held on September 28th. Defendant's testimony supports the inference that he made little effort to become aware of what took place at the September 28th hearing. "I guess, Your Honor, you could just say that I was (pause) ignorant of the laws. I didn't think they could, you know, that all of this could happen without your finding out about it or getting a—some kind of paper."

Defendant's testimony also supports the inference that, in the exercise of reasonable diligence, he could have learned of the oral order of September 28th prior to October

14, 1979. Defendant is chargeable with knowledge of the oral order of September 28, 1979, which awarded custody of the child to the Department for two years.

We do not consider whether the oral order of September 28, 1979 was legally sufficient to deprive defendant of his legal right to custody because of a hearing held without notice to defendant. See *Wells Fargo Bank v. Dax*, 93 N.M. 737, 605 P.2d 245 (Ct.App.1979).

We do consider the legal sufficiency of the order of September 28th because it was oral, not written.

Rule 62(a) provides: "The judge shall sign a written judgment and disposition in neglect proceedings. The judgment and disposition shall be filed. The clerk shall give notice of entry of the judgment and disposition." This requirement, of a written and filed judgment, is not an aberration; such is also required in civil and criminal proceedings. Rule of Civ.Proc. 58 provides for a written and filed judgment: "[N]o judgment shall be effective for any purpose until the entry of same, as hereinbefore provided." *Navajo Development Corporation v. Ruidoso Land Sales Corporation, Inc.*, 91 N.M. 142, 571 P.2d 409 (1977). See also R.Crim.Proc. 46(a).

Chargeable with knowledge of the oral order of September 28, 1979, defendant subjected himself to the possibility of contempt proceedings. *State ex rel. Bliss v. Casarez*, 52 N.M. 406, 200 P.2d 369 (1948). However, defendant's legal right to custody of the child did not end until entry of, and the giving of, notice of a judgment in compliance with Rule 62(a). Compare *State v. Morris*, 69 N.M. 89, 364 P.2d 348 (1961); *Wray v. Pennington*, 62 N.M. 203, 307 P.2d 536 (1956); *Quintana v. Vigil*, 46 N.M. 200, 125 P.2d 711 (1942).

■ Defendant's conviction cannot be sustained on the basis of the oral order of September 28, 1979 because the order, as to custody, was not effective until there was compliance with Rule 62(a). The order, being oral, did not deprive defendant of his legal right to custody of his child.

(c) The Written Order of October 16, 1979

A written order referring to the September 28, 1979 hearing found that the child was neglected and purported to transfer custody to the Department for two years. This order was entered October 16, 1979. We do not consider that no notice of entry was given as to this order. See Rule 62(a).

The State claims, on appeal, that this written order should be considered to have been entered nunc pro tunc as of September 28, 1979. We doubt that this order could properly have been considered as entered nunc pro tunc. See *Mora v. Martinez*, 80 N.M. 88, 451 P.2d 992 (1969); *Gonzales v. City of Albuquerque*, 90 N.M. 785, 568 P.2d 621 (Ct.App.1977). However, the answer to the State's contention is that the court did not enter the order nunc pro tunc, and the court instructed the jury that it was "not to take into account the order I signed on October the 16th, 1979."

■ Defendant's conviction cannot be sustained on the basis of the written order of October 16, 1979, having been entered two days after defendant took the child.

■ Neither the oral orders nor the written order provide a basis for sustaining the conviction. Defendant's conviction is reversed; the cause is remanded with instructions to discharge defendant.

IT IS SO ORDERED.

HENDLEY and ANDREWS, JJ., concur.