671 P.2d 1158

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Nicolette WHITING,**
**Defendant-Appellant.**

**No. 7234.**

Court of Appeals of New Mexico.

Oct. 18, 1983.

Paul Bardacke, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Luis B. Juarez, Siegenthaler, Graham & Juarez, Artesia, for defendant-appellant.

## OPINION

WALTERS, Chief Judge.

Nicolette Whiting was charged by criminal information with one count of custodial interference, an offense against NMSA 1978, § 30-4-4. Defendant filed pretrial motions to dismiss and to quash the criminal information, both of which were treated as a motion to dismiss. Her motion was denied, but the trial court certified the matter as an interlocutory appeal, which this court granted.

Defendant's "Statement of the Issues" [sic] is as follows:

> [W]hether the defendant Nicolette Whiting could commit the crime of custodial interference when the care, control and custody of the minor children had been given to the defendant Nicolette Whiting with limitations as set [forth] in the Child Custody and Property Settlement Agreement between the parties.

The relevant facts necessary for determination and affirmance of this interlocutory appeal are discernible from the record proper. It contains a document entitled "Child Custody and Property Settlement Agreement," which defendant and Stanley Whiting entered into at the time they were divorced in February 1982. The document provided for physical custody of the parties' two children in defendant but provided also that the children were wards of and in the custody of the district court, and that the children would not be removed from the jurisdiction of the court without order of the court. The agreement was approved by the district court and made a part of the judgment and decree dissolving the marriage.

The criminal information alleging that defendant violated Section 30-4-4 stemmed from a criminal complaint and bind-over order as a result of defendant's preparations to remove one of her children to London, England on October 18, 1982. Testimony of the Whitings at a subsequent custody proceeding was consistent with the facts stated in the criminal complaint. The custody order of February 1982 was amended by an order of the district court on January 27, 1983, in which Stanley Whiting was granted custody of the parties' two children.

Defendant claims that because the initial child custody order was in effect at the time she sought to take one of the children to England, and because that order gave custody of both children to her, she has

been improperly charged with custodial interference. She suggests that, at most, she is guilty of contempt of court.

The State responds that the statute defining custodial interference is not concerned with whether the person charged is the custodial parent. It addresses only a parent's illegal conduct with respect to removing the child from the State.

NMSA 1978, § 30–4–4(A), has not previously been interpreted in the present factual context. It provides:

> Custodial interference consists of the taking from this state or causing to be taken from this state, or enticing to leave this state or causing to be enticed to leave this state, a child who is less than sixteen years of age by a parent with the intention of holding the child permanently or for a protracted period, knowing that he has no legal right to do so.

The age of the children is not an issue in this case.

■ A parent has a natural and legal right to custody of his or her own child, but that right may be lost through court order. *State v. Sanders,* 96 N.M. 138, 628 P.2d 1134 (Ct.App.1981); *see also Roberts v. Staples,* 79 N.M. 298, 442 P.2d 788 (1968). The parent's natural right to custody includes the right to remove the child from this jurisdiction in the absence of any legal modification of that right. *Id.*

It cannot be disputed that the district court has the authority to enter custody orders, *Sanders; see also* § 40–10–4 A (Repl.Pamp.1983); and, indeed, may award legal custody without awarding physical custody, NMSA 1978, § 40–4–9.1(C) (Repl. Pamp.1983). Pursuant to the dissolution of a marriage, the district court may also make an order for the guardianship, care, custody, maintenance and education of minor children, as may seem just and proper. NMSA 1978, § 40–4–7(B)(4) (Repl.Pamp. 1983). Nothing in the statute indicates that the authority granted the district court in Section 40–4–7(B)(4) to fashion a "just and proper" custody order inhibits its authority to award joint custody to one parent, and retain custody in the court for specific legal

purposes, as occurred here. The Children's Code defines legal custody, in part, as the legal status created by court order which vests in a person or agency the right to determine where and with whom a child shall live. NMSA 1978, § 32–1–3(J) (Repl. Pamp.1981). It also defines a "person" as an individual or any other entity recognized by law. Section 32–1–3(K). The district court is properly an entity in which legal custody can be vested.

■ Defendant contends it is anomalous for her to be charged with custodial interference when she had been granted physical custody of her children. Her argument disregards the portion of the custody order limiting that physical custody to the geographical jurisdiction of the court and retaining that degree of custody in the court itself. NMSA 1978, §§ 32–1–10 and 32–1–38(A) (Repl.Pamp.1981), outline further powers of the court relating to custody matters. Whether or not the district court has authority to repose in itself legal "joint custody," Section 40–4–9.1, it clearly has authority to fashion "just and proper" custody orders pursuant to Section 40–4–7(B)(4). The court order in this case provided that the children were not to be removed from the jurisdiction without the court's permission. Consequently, defendant had no legal right to remove her child from the jurisdiction at the time and in the manner stated in the charging instruments, and violation of that order subjected her to the criminal sanctions of Section 30–4–4(A). An annotation discussing a parent's taking of one's own child appears at 20 A.L.R. 4th 823 (1983).

In summary, once the district court entered the child custody order in question, it assumed a custodial function regarding defendant's children under Sections 40–4–7(B)(4) and 40–4–9.1. *See Martin v. Martin,* 160 S.W.2d 457 (Mo.App.1942); *Arnold v. Arnold,* 67 Ohio App. 282, 36 N.E.2d 430 (1941). Because of the custody order, defendant's otherwise natural and usual right to remove her children from the court's jurisdiction was curtailed to the extent that

she could not do so without the court's consent.

The trial court's denial of the motion to dismiss is affirmed, and the matter is remanded to the district court for further proceedings.

 Counsel is reminded that Rule 9(h) of the Rules of Civil Appellate Procedure, NMSA 1978, requires that the table of contents of her briefs contain "a statement of each point relied upon in the argument." Such index headings as "Point One" or "Argument" do not comply with the provisions of the rule.

DONNELLY and NEAL, JJ., concur.