758 P.2d 296 (1988)
107 N.M. 346
Michael Patrick NORMAND and Andrew James Normand, minor, by and through Clyde P. NORMAND, next friend, and Genevieve J. Normand, his wife, Petitioners-Appellees,
v.
Andralene RAY and James Ray, Respondents-Appellants.
No. 17400.
Supreme Court of New Mexico.
August 1, 1988.
Anthony F. Avallone, Glenn B. Neumeyer, Las Cruces, for respondents-appellants.
Ben A. Longwill, Las Cruces, for petitioners-appellees.

*297 OPINION
SCARBOROUGH, Chief Justice.
Respondents-appellants, Andralene Ray and James Ray, are the maternal grandparents of two minor children, Michael Patrick Normand and Andrew James Normand. Petitioner-appellee, Clyde Normand, is the natural father of the children. The children were legally adopted by and in the actual physical custody of the Rays. By means of a writ of habeas corpus, Normand sought custody of the children. The trial court granted the writ, awarded physical custody of the children to Normand, voided the adoption decree and reinstated Normand's parental status. The Rays appeal. We affirm in part and reverse and remand in part with instructions.
Clyde Normand and Sharon Normand were married in 1971. They obtained a Texas divorce in 1974. Normand was on active duty in the United States Army and legally resided in Texas. Michael Patrick and Andrew James were born to the marriage. At the time of the divorce, the trial court awarded custody of the children to the mother. Later in 1975, with the consent of Normand, custody was awarded to Andralene Ray. In January 1978, Normand petitioned the Texas district court for custody of his children. The Rays contested the petition and in July 1978, a jury trial was held to decide the question. The jury awarded custody to Normand and the decree was entered August 1, 1978. That same day, the Rays left with the children to Nacogdoches, Texas without informing Normand. Over the course of the next few years, the Rays moved to different cities in Texas several times without informing Normand of their whereabouts. Eventually, in 1982, the Rays returned to Chaparral, New Mexico, with the children. Meanwhile, Normand's many efforts to locate the children were unsuccessful.
In June 1985, the Rays sought to legally adopt the children in New Mexico. The Rays did not inform the New Mexico trial judge of the 1978 Texas child custody decree. They told the judge that Normand had abandoned the children and that they could not locate him. Based on these representations, the New Mexico district court entered an order terminating Normand's parental rights together with a judgment of adoption. In 1987, Normand located the Rays in New Mexico, and filed a petition for a writ of habeas corpus, the object of which was to obtain physical custody of his children. The New Mexico court granted the writ and held that the 1978 Texas custody judgment was valid and entitled to enforcement in New Mexico under the doctrine of full faith and credit. The trial court held that the Rays committed fraud in procuring the judgment of adoption. The trial court also ruled that the judgment of adoption was null and void.
The Rays first argue that the trial court lacked jurisdiction to set aside the adoption decree. They argue that a judgment of adoption could not be contested on any grounds including fraud more than one year after the entry of judgment. NMSA 1978, Section 40-7-15(C) (Repl.Pamp. 1983) (repealed by Laws 1985, Ch. 194, § 39) (current version at 40-7-31 (1986)). Furthermore, the Rays argue that Normand's writ of habeas corpus was an impermissible collateral attack on the judgment of adoption. We disagree. The New Mexico Constitution confers upon the district court the power to issue writs of habeas corpus. N.M. Const. art. VI, § 13. Also, the trial court had personal jurisdiction over the parties. Both the children and the Rays were residing in New Mexico when Normand filed the petition for writ of habeas corpus. Clark v. LeBlanc, 92 N.M. 672, 593 P.2d 1075 (1979). By its very nature, a habeas corpus proceeding attacks the basis upon which the "body" is held by another. See definitions and annotations in 1 Bouvier's Law Dictionary (3d Rev.Ed. 1914) 1400-07; Black's Law Dictionary (4th Rev.Ed. 1968) 837. We previously held that, "habeas corpus is an available remedy by which to consider controversies involving the issue of custody of infants. This remedy has been recognized in this jurisdiction since early times." Roberts v. Staples, 79 N.M. 298, 300, 442 P.2d 788, 790 (1968) (citations omitted). At no time did Normand receive notice of the adoption proceedings. This *298 fact alone warrants the voiding of the adoption decree. See Eaton v. Cooke, 74 N.M. 301, 393 P.2d 329 (1964). The Rays failed to provide Normand with notice of the adoption proceedings as required by our rules of civil procedure. See NMSA 1978, § 40-7-11(C) (Repl.Pamp. 1983). We have held that, "[b]y failing to follow statutory procedures, due process of law was violated and no subsequent act could correct the defect." Nesbit v. City of Albuquerque, 91 N.M. 455, 459, 575 P.2d 1340, 1344 (1977) (citation omitted). Normand was never personally served with a copy of the summons and complaint in the adoption proceedings. Although the Rays published notice in a New Mexico newspaper while Normand was in Texas, substitute or constructive service of process is not acceptable nor is it authorized when notice by personal service is required by statute. SCRA 1986, 1-004. The record before us supports the trial court's conclusion that the Rays knew Normand's whereabouts. They knew he was in the Army and could be reached through the office of a military personnel locator they were in communication with on a regular basis. Yet, the Rays made no meaningful effort to contact Normand. The statute requires that notice of the filing of a petition of adoption shall be given to any parent of the minor child to be adopted even if the parent's consent is excused because of abandonment. NMSA 1978, § 40-7-11(A) and (B) (Repl.Pamp. 1983). Furthermore, personal service would be required because Subsection C requires notice to be accomplished in a manner appropriate under the rules of civil procedure for service of process in a civil action in New Mexico. NMSA 1978, § 40-7-11 (Repl.Pamp. 1983). The trial court was correct in concluding that substitute service of process by publication was inadequate.
The Rays next argue that Normand abandoned his children and was not entitled to any notice of the adoption proceedings. Respondents confuse the issue of consent to adopt with the necessity for notice. See NMSA 1978, § 40-7-7(A) (Repl.Pamp. 1983). It is true Normand had no contact with his children for several years. However, this was brought about by no fault of Normand's, but by the Rays who hid the children from him. Normand searched for the children but was unable to locate them. Substantial evidence in the record supports the trial court's conclusion that the adoption judgment was obtained through fraud. We have recognized that in considering whether a parent has abandoned a child, "`conscious disregard of the obligations owed by a parent to the child' excludes acts which are beyond the control of the parent." Adoption of Doe v. Heim, 89 N.M. 606, 619, 555 P.2d 906, 919 (Ct.App. 1976), cert. denied, 90 N.M. 8, 558 P.2d 620 (1976).
The Rays further argue that the trial court erred in voiding the adoption judgment without any notice to them. The Rays had notice of the habeas corpus action, appeared personally at court proceedings, presented testimony, and cross-examined witnesses. This claim is frivolous. The trial court did not err in voiding the judgment of adoption on these grounds.
The Rays next argue that the Texas custody judgment is not entitled to full faith and credit in New Mexico. We disagree. New Mexico has long accorded full faith and credit to valid judgments of other states. See e.g. Ex parte Mylius v. Cargill, 19 N.M. 278, 142 P. 918 (1914); Allgood v. Orason, 85 N.M. 260, 511 P.2d 746 (1973). The Rays did not prove that the Texas custody judgment was void or invalid. Therefore, the trial court properly gave full faith and credit to the Texas custody judgment.
Finally, the Rays argue that the trial court erred in excluding evidence dealing with the fitness of the respective parties to have the custody of the Normand children. Early in the proceedings, the trial court indicated it was disinclined to hear such testimony. Nevertheless, the Rays made at least one effort to tender evidence as to what custodial arrangement would be in the best interests of the minor children. The trial court erred in not allowing evidence on this issue. We have recognized that when a habeas corpus order is "prosecuted *299 as a means of determining custodial rights of children, however, the inquiry is generally broader than that normally involved in habeas corpus [where] [t]he child's welfare becomes a prime consideration irrespective of the parties' interests... ." Roberts, 79 N.M. at 300, 442 P.2d at 790. This case is remanded with instructions to the trial court to hold a hearing to take evidence and enter an appropriate order to determine what custodial arrangement will be in the best interests of the minor children. In all other respects, the trial court judgment is affirmed.
IT IS SO ORDERED.
STOWERS and WALTERS, JJ., concur.